UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN J. SPILKA,

        Plaintiff,

v.                              CASE No. 8:21-cv-1983-WFJ-TGW

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

        Defendant.
_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails to evaluate adequately the functional limitations resulting from

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.

1

the plaintiff's severe impairment of cervicogenic headaches, I recommend that the decision be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was fifty-eight years old at the time of the administrative hearing and who has a college education, has worked as a contracting officer, human resources assistant, and document preparer (Tr. 38, 27, 289). She filed claims for Social Security disability benefits and supplemental security income payments on April 26, 2019, alleging that she became disabled on September 18, 2018, due to "spinal cord injuries, toximia, fibromyalgia, GERD, IBS, psoriasis, and migraines" (Tr. 18, 288). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disc disease, major joint dysfunction, cervicogenic headaches, and fibromyalgia" (Tr. 21). The law judge

2

determined that, with those impairments, the plaintiff had the following residual functional capacity (Tr. 22):

> [She could] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and perform overhead reaching with right upper extremity; occasionally climb ladders, ropes, and scaffolds; and must avoid concentrated exposure to extreme temperatures and hazards like machinery and unprotected heights.

The law judge concluded that, based on the testimony of a vocational expert, the plaintiff was able to perform her past relevant work as a contracting officer, human resources assistant, and document preparer (Tr. 27). Additionally, in light of the testimony of the vocational expert, the law judge determined that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as civil service clerk, clerk typist, and data entry (Tr. 28). Consequently, the law judge found that the plaintiff was not disabled (Tr. 29). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

3

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). However, a claimant will be found not disabled if she can perform past relevant work. 20 C.F.R 404.1520(a)(4)(iv),(v); 416.920(a)(4)(iv), (b).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole

5

contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff raises three issues: (1) that "[t]he ALJ applied an incorrect legal standard in evaluating the severity of [the plaintiff's] left-sided carpal tunnel syndrome"; (2) "[t]he assessment of [the plaintiff's] RFC is unsupported by substantial evidence"; and (3) "[t]he ALJ's reasons for not crediting the testimony of [the plaintiff] are not supported by substantial evidence" (Doc. 17, p. 1).

In the plaintiff's second argument, she specifically asserts that the law judge's residual functional capacity ("RFC") is not supported by substantial evidence because the law judge failed to account for her cervicogenic headaches, which he found to be a severe impairment (id., p. 16). This argument is meritorious and warrants remand. Consequently, the

6

other issues are appropriately pretermitted because a new decision will be issued upon remand.

In the plaintiff's second contention, she asserts that "[d]espite acknowledging that cervicogenic headaches are a severe impairment . . . the ALJ failed to consider the limiting effects of her headaches on her RFC" (id., p. 17). The plaintiff is correct that the law judge erred in this respect.

The law judge's finding that the plaintiff's cervicogenic headaches were a severe impairment means that they significantly limit her physical or mental ability to do basic work activities. See 20 C.F.R. 404.1520(c), 416.920(c). Therefore, the law judge needed to include some functional restriction in the plaintiff's RFC in order to satisfy this significant limitation. See 20 C.F.R. 404.1545, 416. 945.

The plaintiff testified at the administrative hearing that as of September 2018 she suffered from headaches (Tr. 58). Upon questioning by her attorney, she stated (Tr. 58, 60):

> Q: How often do you have the migraine headaches?
>
> . . .

7

A: Three to five times a week.

Q: How long do they normally last?

A: A good four to five hours.

In his decision, the law judge acknowledged the plaintiff's testimony about headaches (Tr. 23). Significantly, the law judge gave no indication that he was discounting that testimony. Accordingly, in light of the testimony, the law judge found that the headaches constituted a severe impairment.

There is no indication that in assessing the plaintiff's RFC any limitations from cervicogenic headaches were included. Thus, the law judge determined that the plaintiff could perform light work except that she can frequently climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and perform overhead reaching with right upper extremity; occasionally climb ladders, ropes, and scaffolds; and must avoid concentrated exposure to extreme temperatures and hazards like machinery and unprotected heights (Tr. 22). There is nothing in that finding that appears to include a significant limitation due to cervicogenic headaches. The failure to accommodate the

8

symptoms of a severe impairment in the residual functional capacity by specifying functional limitations constitutes reversible error. Raduc v. Commissioner of Social Security, 380 Fed. Appx. 896, 898 (11th Cir. 2010) (symptoms of severe impairment of Irritable Bowel Syndrome not included in RFC); Reis ex rel. Reis v. Astrue, 8:11-CV-2027-T-TGW, 2012 WL 3231092 at *4 (M.D. Fla. Aug. 6, 2012) (migraine headaches not properly accounted for); Mancini v. Commissioner of Social Security, 2:19-CV-798-JLB-NPM, 2021 WL 1090826 at *8 (M.D. Fla. Feb. 22, 2021), report and recommendation adopted sub nom. Mancini v. Commissioner of Social Security, 2:19-CV-798-JLB-NPM, 2021 WL 1087270 (M.D. Fla. Mar. 22, 2021).

Notably, the Commissioner did not meaningfully address the law judge's failure to include in the RFC functional limitations from the plaintiff's headaches. Thus, the Commissioner merely states that "[n]othing in the SSR 19-4p required the ALJ to find [the plaintiff's] headaches more limiting *in her particular case*, based on the scant medical evidence and the extensive work evidence" (Doc. 18, p. 19) (emphasis in original). This

9

assertion is unavailing. As indicated, once the law judge has found that a plaintiff has a severe impairment—which means she has a significant limitation—he has a duty to include some functional limitation, or at least explain why a limitation is not included, in the RFC. That was not done here. Accordingly, a remand is warranted.

For these reasons, I recommend that the decision of the Commissioner be reversed and the matter remanded for further consideration.

Respectfully submitted,

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: August 18, 2022

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions or to seek an extension of the fourteen-day deadline. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1